**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GREYLOCK CAPITAL ASSOCIATES, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-22063<br><br>**DECLARATION OF DAVID STELTZER** |

David Steltzer hereby declares:

1. I am the Chief Financial Officer of the Debtor and submit this declaration pursuant to Local Bankruptcy Rule 1007-2.

### NATURE OF THE DEBTOR'S BUSINESS

2. The Debtor is the parent of Greylock Capital Management, LLC, an SEC-registered alternative investment advisor, that advises pooled vehicles and separate accounts for institutional and high net worth investors.

3. The business was founded in 2004, and its primary investment focus has been distressed debt and sovereign debt restructurings.

### CIRCUMSTANCES LEADING TO THE DEBTOR'S FILING

4. In 2014, the Debtor leased the entire 24th floor of 285 Madison Avenue in Manhattan, which premises is approximately 11,400 square feet, with the expectation that the business would continue to grow and add employees on top of its then-15 and eventually fully utilize the premises.

5. After the move, the business continued to grow and by the end of 2017 was employing 21 people and managing roughly $1.1 billion.

6. However, the business had several significant challenges over the 3 years that followed. Specifically, pooled vehicles and managed accounts had negative returns each year; as a result of negative returns, termination of mandates for large managed accounts and withdrawals

from the firm's flagship fund, AUM fell to roughly $450 million by the end of 2020; and the firm is in the process of liquidating a large portion of a managed account at the client's request, and received a withdrawal request from a large investor in its flagship fund. Absent new investment, the Debtor expects AUM to be reduced by an additional $100 million by March 31, 2021. Headcount has been reduced to just 9 employees.

7. The Debtor commenced this case because, absent bankruptcy relief the Debtor does not anticipate being able to pay its debts as they become due in the near term.

8. The Debtor intends to reject its lease and confirm a plan that affords it sufficient time to pay the resulting rejection damages claim and other significant liabilities in full.

9. Remaining, major investors are aware of the filing and based upon discussions with them the Debtor is confident that the business can successfully reorganize and continue as a going concern.

## ADDITIONAL INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-2

**Rule 1007-2(a)(2)**

10. This is a chapter 11 case.

**Rule 1007-2(a)(3)**

11. No committee has been organized prior to the commencement of this case.

**Rule 1007-2(a)(4)**

12. See Form B204, annexed to the petition.

**Rule 1007-2(a)(5)**

13. The Debtor has no secured debt.

**Rule 1007-2(a)(6)**

14. See financial information annexed to the petition.

**Rule 1007-2(a)(7)**

15. The Debtor has not issued any publicly held stock, debentures or other securities.

**Rule 1007-2(a)(8)**

16. The Debtor has no property in the possession of any custodian, public officers, mortgagee, pledgee, assignee of rents or secured creditor.

**Rule 1007-2(a)(9)**

17. Aside from the 24th floor of 285 Madison Avenue, the Debtor and maintains an office at 161 Old Mamaroneck Avenue in White Plains, NY.

**Rule 1007-2(a)(10)**

18. The Debtor's books and records are located at 161 Old Mamaroneck Avenue in White Plains, NY.  The Debtor does not hold any assets located outside the United States.

**Rule 1007-2(a)(11)**

19. There is no action or proceeding pending or threatened where a judgment against the Debtor or seizure of its property may be imminent.

**Rule 1007-2(a)(12)**

20. See the following chart, as to individuals who comprise the senior management of the Debtor, their tenure and their relevant responsibilities:

| Senior Management of the Debtor (Tenure) | Brief Summary of Responsibilities |
| --- | --- |
| Willem Humes (17 years) | CEO, Chief Investment Officer. Responsible for the overall direction of clients' investment portfolios and taking leading role in sovereign restructurings. |
| Ajata Mediratta (13 years) | President, Portfolio Manager. Responsible for the overall direction of the client's investment portfolios. |
| Jonathan Prin (6 years) | Head of Research, Portfolio Manager. Responsible for analyst research, portfolio management and making recommendations to the Investment Committee. |

| Senior Management of the Debtor (Tenure) | Brief Summary of Responsibilities |
|---|---|
| David Steltzer (4 years) | CFO. Responsible for all operational and fiscal functions. |

**Rule 1007-2(b)(1)**

21. Estimated weekly payroll for February 2021, excluding stockholders, managers and officers, is: $18,646

**Rule 1007-2(b)(2)**

22. The amount paid or proposed to be paid in February 2021 to stockholders, managers and officers, is: $22,917.  No financial or business consultant has been retained by the Debtor.

**Rule 1007-2(b)(3)**

23. See the following chart, as to additional business information (estimated) for the month following the commencement of this case:

| Additional Business Information | Amount |
|---|---|
| Estimated cash receipts | $827,000 |
| Estimated cash disbursements | $517,513 |
| Net cash gain or loss | $309,487 |
| Obligations expected to accrue but remain unpaid | $60,203 |

I hereby declare under penalty of perjury that the foregoing is true and correct.  Executed on January 31, 2021.

_____
David Steltzer