Avery Samet
Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Proposed Attorneys for the Debtor and
Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GREYLOCK CAPITAL ASSOCIATES, LLC, | Case No. 21-22063 |
| Debtor. | |

**MOTION TO REJECT LEASE**
**NUNC PRO TUNC TO PETITION DATE**

The Debtor hereby moves to reject its Agreement of Lease with 285 Madison Owner LLC ("Landlord"), dated as of May 19, 2014 (as amended, "Lease"), nunc pro tunc to the Petition Date (defined below), pursuant to Bankruptcy Code section 365(a), and states:

**BACKGROUND**

1.  The Debtor commenced this case on January 31, 2021 ("Petition Date").

2.  Information concerning the nature of the Debtor's business and circumstances leading to its filing can be found in the Declaration of David Steltzer (Doc. #2), which the Debtor incorporates herein.

3.  Pursuant to the Lease, the Debtor leased the entire 24th Floor of 285 Madison Avenue in Manhattan, which premises is approximately 11,400 square feet.

4.  Rent inclusive of the Debtor's share of taxes and operating expenses totals roughly $100,000/month.

5.   The Debtor leased the premises with the expectation that its business would continue to grow; and in fact, by the end of 2017 headcount increased by one-third and AUM increased to $1.1 billion.

6.   However, as described in the Steltzer Declaration, the Debtor faced significant business challenges in 2018, 2019 and 2020, that served to significantly reduce AUM to roughly $350 million which in turn served to reduce earnings and employee headcount.

7.   In addition, the business need for the leased premises substantially diminished after the onset of the Covid-19 pandemic, when employees began working principally from home.

8.   On December 9, 2020, Mr. Steltzer advised the Leasing Director at RFR Realty LLC, an affiliate of the Landlord, that absent a consensual workout the Debtor would seek to reject the Lease in bankruptcy, and made a buyout proposal superior to the treatment Landlord is entitled to in bankruptcy.  Later that month, the Mr. Steltzer, the undersigned, the Leasing Director and a member of RFR's Executive Team conferred telephonically regarding the issue.  However, the proposal was rejected and no counter- was ever made.

9.   In January 2021, prior to the Petition Date, the Debtor vacated the premises and left it in broom clean condition in accordance with the Lease; and on January 31, 2021, Mr. Steltzer emailed the Leasing Director and Facilities Manager to advise as much, that the Debtor was surrendering the premises effective immediately and that the Debtor would be seeking to reject the Lease nunc pro tunc to the Petition Date.  A copy is annexed hereto as Exhibit 1.

### RELIEF REQUESTED AND BASIS THEREFOR

10. By this motion, the Debtor seeks to reject the Lease nunc pro tunc to the Petition Date, pursuant to section 365(a) which permits it to assume or reject any unexpired lease.

11. The business judgment standard applies in evaluating motions to assume or reject an unexpired lease.  *In re Gucci*, 193 B.R. 411, 415 (S.D.N.Y. 1996).

12. "Courts generally will not second guess a debtor's business judgment concerning whether the assumption or rejection of an … unexpired lease would benefit the debtor's estate." *In re MF Global Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012). *See also In re Sundial Asphalt Co.*, 147 B.R. 72, 84 (E.D.N.Y. 1992) (courts "should defer to a debtor's decision that rejection of a contract would be advantageous unless the decision is so unreasonable that it could not be based on sound business judgment").

13. This standard is plainly satisfied, in that granting this motion will permit the Debtor to propose a full-repay plan, but its denial would leave the Debtor unable to pay its debts as they become due in the near term.  (Steltzer Declaration ¶¶7-8.)

14. As to the requested nunc pro tunc relief, "courts in this Circuit have approved retroactive rejection … in the context of unexpired leases of nonresidential real property."  *In re Avianca Holdings S.A.*, 618 B.R. 684, 709 n.12 (Bankr. S.D.N.Y. 2020).  *See also In re KP Fashion*, No. 10-cv-8429, 2011 WL 3806116, at *3 n.7 (S.D.N.Y. Aug. 29, 2011) (quoting appealed bench decision) ("I certainly have granted retroactive orders, retroactive to the date of the bringing of the motion and notice.  Especially when the property is vacant, and the landlord can take possession of it"); *In re Jamesway Corp.*, 179 B.R. 33, 38 (S.D.N.Y. 1995) ("a court can, where appropriate, approve rejection retroactively").

15. There can be little doubt that nunc pro tunc relief is warranted, given the Debtor's having vacated the premises prepetition and given unequivocal notice of its intention to move to reject on the Petition Date.

WHEREFORE, the Court should enter an order authorizing the rejection of the Lease nunc

pro tunc to the Petition Date and granting such other and further relief as this Court deems just and

proper.


Dated: January 31, 2021
        New York, New York

                                                        AMINI LLC

                                                        /s/ Jeffrey Chubak
                                                        Avery Samet
                                                        Jeffrey Chubak
                                                        131 West 35th Street, 12th Floor
                                                        New York, New York 10001
                                                        (212) 490-4700
                                                        asamet@aminillc.com
                                                        jchubak@aminillc.com
                                                        *Proposed Attorneys for the Debtor and
                                                        Debtor in Possession*