

Jeffrey Chubak
MEMBER NY & NJ BARS

212.497.8247
jchubak@aminillc.com

March 15, 2021

**By ECF and Email**

Honorable Robert D. Drain
U.S. Bankruptcy Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601
rdd.chambers@nysb.uscourts.gov

Re: Greylock Capital Associates, LLC, 21-22063

Dear Judge Drain:

We are proposed counsel to the Debtor and submit this status report pursuant to Bankruptcy Code section 1188(c).

General Matters

The IDI has been completed. The 341 meeting has been conducted and kept open pending the Debtor's opening DIP accounts. DIP accounts were opened at the end of last week. The Debtor is current on its postpetition reporting obligations.

Plan

As a result of this case, certain trading partners of the Debtor's investment advisor subsidiary have suspended doing business with it pending the completion of this case, resulting in significant disruption to the Debtor's business. In an effort to expedite this case, the Debtor has engaged in discussions its two largest creditors, namely, its former landlord 285 Madison Owner LLC (filed proof of claim for rejection damages of $662,925 after deducting letter of credit) and John McGuire (scheduled claim of $200,000), about the possibility of dismissing this case and agreeing to pay them the full amount of their claims over a period of years with interest, outside of bankruptcy, with payment obligations backed by confessions of judgment. In that case, the Debtor anticipates the dismissal order directing it to pay remaining allowed claims, including all other claims filed to date and all non-superseded scheduled claims (totaling $157,943) immediately upon dismissal, together with Subchapter V Trustee Fees. Provided agreement is reached, the Debtor anticipates moving to dismiss as soon as practicable and moving to shorten notice so the motion can be considered at the March 29, 2021 hearing.

Absent agreement, the Debtor will seek confirmation of a chapter 11 plan. The Debtor is prepared to file a plan immediately on the Debtor's completion of projections under Bankruptcy Code section 1190(1)(C) (and review thereof with the Subchapter V Trustee), which provides for assumption of certain executory contracts and payment of associated cure costs totaling $109,096,

and payment of remaining allowed claims in full over several years with interest. Absent agreement with the largest creditors (discussed above), the Debtor anticipates filing the plan in reasonably short order (well before the section 1189(b) deadline), together with a motion to solicit votes thereon and fix confirmation dates and deadlines pursuant to Interim Rule 3017.2. In that case, the Debtor would not anticipate a contested confirmation hearing.

We thank Your Honor for your attention to this status report.

Very truly yours,

*Jeffrey Chubak*