Avery Samet
Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for the Debtor and*
*Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| GREYLOCK CAPITAL ASSOCIATES, LLC, | Case No. 21-22063 (RDD) |
| Debtor. | **MOTION TO DISMISS CASE** |

The Debtor hereby moves to dismiss this case, pursuant to Bankruptcy Code section 1112, and states:

1. The Debtor commenced this case on January 31, 2021 for the purpose of rejecting its lease with 285 Madison Owner LLC ("Landlord"), and confirming a plan that affords the Debtor sufficient time to pay the resulting rejection damages claim and another significant liability in full over time, as permitted by Bankruptcy Code section 1191. (ECF Doc. #2, ¶8.)

2. The lease was rejected nunc pro tunc to the petition date (ECF Doc. #31), and the Debtor does not dispute the resulting rejection damages claim ($662,924.89, Claim #2).

3. The other significant liability is $200,000 owed the Debtor's former member John Maguire. (Claim #5.)

4. As to remaining prepetition liabilities, the Debtor anticipated either assuming contracts with vendors (and so, curing defaults on the plan effective date), and paying remaining claims over time with the larger liabilities under a plan.

5. Anticipated cure payments total around $109,095.87 between the scheduled claims of PricewaterhouseCoopers (Amended Schedule E/F (ECF Doc. #32) 3.8, $44,820) and Eze Castle Software (id. 3.2, $36,000) and the filed claim of Indus Valley Partners Corp. (Claim #4, $28,275.87).

6. Remaining proofs of claim and non-superseded scheduled claims total $50,019.24.

7. The general bar date has passed, and no other claims have been filed. The Debtor does not anticipate other claims from governmental units, as one of the above-referenced filed claims is the IRS's (Claim #3, $1,171.93) and the Debtor scheduled the NYC Department of Finance claim for commercial rent tax (Amended Schedule E/F 3.6, $9,077.25).

8. Notwithstanding that the Debtor could confirm a chapter 11 plan providing the above-described treatment (full payment over time of claims not being cured, with interest), the Debtor would strongly prefer that the case be dismissed at the April 12, 2021 hearing because, as indicated in its Pre-Status Conference Report (ECF Doc. #37), certain trading partners of the Debtor's investment advisor subsidiary have suspended doing business with it pending completion of this case, resulting in significant disruption.

9. Dismissal would also obviate the need for a contested matter on the United States Trustee's motion to strike the Debtor's Subchapter V designation. (ECF Doc. #42.)

10. The Debtor accordingly asked Mr. Maguire and the Landlord if they would consent to dismissal, and payment of their allowed claims outside of bankruptcy and waiver of any further claims against the Debtor, and they agreed. A copy of the Debtor's stipulations with the Landlord and Mr. Maguire is attached as Exhibit 1 and Exhibit 2.

11. On dismissal of this case, the Debtor will immediately pay all other creditors and the allowed fees and expenses of the Subchapter V Trustee (estimated at $6,910 as of March 26, 2021).

12. This result is plainly in the best interests of creditors, under section 1112(b)(1), in that it provides for prompt payment in full of all claims except for the Debtor's two largest liabilities whom have agreed to different treatment.

13. No prior application for the relief requested herein has been made to this Court or to any other court.

WHEREFORE, the Debtor requests that this Court enter the annexed proposed order and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 30, 2021

AMINI LLC

/s/ Jeffrey Chubak
Avery Samet
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for the Debtor and Debtor in Possession*