# EXHIBIT 1

**Stipulation with 285 Madison Owner LLC**

# STIPULATION

This Agreement is entered into by and between 285 Madison Owner LLC ("Landlord") and Greylock Capital Associates, LLC ("Greylock"), as of March 16, 2021; and shall be effective immediately on entry of an Order of the Bankruptcy Court dismissing Greylock's Chapter 11 case, No. 21-bk-22063 (RDD) (the "Chapter 11 Case").

WHEREAS, Landlord and Greylock are parties to a Lease dated as of May 19, 2014 (the "Lease") for premises consisting of the entire 24th floor in the building known as and located at 285 Madison Avenue, New York, New York (the "Premises"); and

WHEREAS, pursuant to an Order of the United States Bankruptcy Court for the Southern District of New York in the Chapter 11 Case dated February 25, 2021 (the "Order"), the Lease was deemed rejected as of January 31, 2021; and

WHEREAS, Greylock surrendered possession of the Premises to Landlord as of January 31, 2021; and

WHEREAS, the Order provided for the filing by Landlord of a Proof of Claim in connection with the rejection of the Lease; and

WHEREAS, on or about February 22, 2021 Landlord filed a Proof of Claim in the Chapter 11 Case asserting a Lease rejection claim in the amount of $1,118,924.89, of which $456,000.00 was secured by a Letter of Credit representing Greylock's Security Deposit; and

WHEREAS, Landlord has a general unsecured claim in the Chapter 11 Case in the amount of $662,924.89 (the "General Unsecured Claim"); and,

WHEREAS, Greylock has asked Landlord to agree to the dismissal of the Chapter 11 Case and accept payment of the General Unsecured Claim outside of the Chapter 11 Case over a period of years with interest and secured by a Confession of Judgment.

NOW, THEREFORE, in consideration of the mutual covenants herein contained and other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged,

IT IS AGREED AS FOLLOWS:

1. <u>Recitals</u>. The foregoing recitals are incorporated herein by reference.

2. <u>Capitalized Terms</u>. All capitalized terms used in this Agreement which are not otherwise defined shall have the meanings ascribed to such terms in the Lease.

3. <u>Payment</u>. The parties hereby agree that Greylock is presently indebted to Landlord in the amount of the General Unsecured Claim pursuant to the Order Greylock hereby agrees to pay the General Unsecured Claim balance due in the amount of $662,924.89 to

Landlord, with interest at the rate of 3%/year from January 31, 2021, in twelve (12) quarterly installments commencing June 30, 2021, as provided in the following chart:

| Payment Due Date | Balance | 12 Payments | Interest | Total Payment with Interest |
|---|---|---|---|---|
| June 30, 2021 | $662,924.89 | $55,243.74 | $8,173.05 | $63,416.79 |
| September 30, 2021 | $607,681.15 | $55,243.74 | $4,595.07 | $59,838.81 |
| December 31, 2021 | $552,437.41 | $55,243.74 | $4,177.33 | $59,421.08 |
| March 31, 2022 | $497,193.67 | $55,243.74 | $3,677.87 | $58,921.61 |
| June 30, 2022 | $441,949.93 | $55,243.74 | $3,305.54 | $58,549.28 |
| September 30, 2022 | $386,706.19 | $55,243.74 | $2,924.13 | $58,167.88 |
| December 31, 2022 | $331,462.45 | $55,243.74 | $2,506.40 | $57,750.14 |
| March 31, 2023 | $276,218.70 | $55,243.74 | $2,043.26 | $57,287.00 |
| June 30, 2023 | $220,974.96 | $55,243.74 | $1,652.77 | $56,896.51 |
| September 30, 2023 | $165,731.22 | $55,243.74 | $1,253.20 | $56,496.94 |
| December 31, 2023 | $110,487.48 | $55,243.74 | $835.47 | $56,079.21 |
| March 31, 2024 | $55,243.74 | $55,243.74 | $413.19 | $55,656.93 |

4.     Prepayment.   Greylock may pre-pay the above-referenced $662,924.89 with accrued interest to date at anytime without penalty or premium.

5.     Confession of Judgment.   As security for Greylock's payment obligations hereunder, Greylock shall furnish a sworn Affidavit of Confession of Judgment to Landlord in the form annexed hereto.  Greylock authorizes Landlord to file the Affidavit of Confession of Judgment with the New York County Supreme Court, and consents to entry of judgment against in favor of Landlord and against Greylock by said Court, in the amount of $662,924.89, in the event that Greylock defaults on its payment obligations hereunder and said default is not cured within five (5) business days following receipt of notice thereof. For the avoidance of doubt, in the event of any failure by Greylock to make any installment payment as required herein after notice and opportunity to cure, the entire unpaid amount of the General Unsecured Claim with accrued interest to date shall be immediately due and payable, and Plaintiff shall be entitled to seek an award of attorneys' fees based on Defendant's default in any action or proceeding to enforce the terms hereof.

6.     Mutual Release.

[a] *Release of Landlord Parties*.  As of the date hereof, Tenant releases Landlord and its successors and assigns from and against any and all claims, obligations and liabilities of every kind or nature whatsoever arising out of or in connection with the Premises and Lease, except for (a) any claims by Tenant against Landlord for contribution or indemnification or both arising out of third-party claims against Tenant relating to the premises (other than claims related to Tenant's acts or omissions) and (b) any breach by Landlord of a representation, obligation or covenant under this Agreement.

[b] *Release of Greylock Parties*.  As of the date hereof,  Tenant and its officers, directors, partners, members, employees, agents, affiliates, successors and assigns (collectively the "Tenant Parties") shall be, and shall be deemed to be without further act or agreement, fully and irrevocably released from and against any and all claims, obligations and liabilities of every kind or nature whatsoever arising out of or in connection with the Premises and/or the Lease, and shall be deemed to be without further act or agreement, fully and irrevocably released from and against any and all claims, obligations and liabilities of every kind or nature whatsoever arising out of or in connection with the Premises, the Lease, except that Tenant shall continue to remain liable thereafter only: (a) for any claims by Landlord against Tenant for contribution or indemnification or both arising out of third-party claims against Landlord relating to Tenant's acts or omissions at the Premises (other than claims related to Landlord's acts or omissions and (b) for any breach by Tenant of a representation, obligation or covenant under this Agreement.

7.     Security Deposit.  Greylock surrenders to Landlord and authorizes Landlord to recover that certain letter of credit provided as security for its obligations under the Lease, without reduction to Greylock's payment obligations to Landlord hereunder.

8.     All notices and communications given hereunder shall be delivered by hand or overnight courier service, mailed by certified or registered mail, as follows:

If to Landlord, to it at:

>   285 Madison Owner LLC
>   c/o RFR Realty LLC
>   375 Park Avenue, 10th Floor
>   New York, NY 10152

With a copy (which shall not constitute notice) to:

>   Charles E. Boulbol, P.C.
>   26 Broadway, 17th Floor
>   New York, NY 10004

If to Greylock, to it at:

>   Greylock Capital Associates, LLC
>   600 Summer Street, Suite 601
>   Stamford, CT 06901
>   Attn: David Steltzer

With a copy (which shall not constitute notice) to:

>   Amini LLC
>   131 West 35th Street, 12th Floor
>   New York, NY 10001
>   Attn: Jeffrey Chubak

9. <u>Choice of Law</u>.  This Agreement shall be governed by the laws of the State of New York, without giving effect to conflicts of laws principles.

10. <u>Binding Effect</u>.  This Agreement shall be binding upon the parties and their respective successors and assigns.

11. <u>Counterparts</u>.  This Agreement may be executed in several counterparts, all of which, taken together, shall constitute one original instrument. Facsimile signatures shall be deemed original for all purposes. Facsimile signatures may be treated as original for all purposes.

12. <u>Entire Agreement</u>.  This Stipulation contains and constitutes the entire agreement between the parties concerning the subject matter hereof and supersedes any and all prior agreements, arrangements or understandings between the parties relating to such subject matter.

13. <u>Amendment; Waiver</u>.  The terms hereof may be amended, modified or waived only by an instrument in writing executed by the parties.

14. <u>Successors and Assigns</u>.  This Agreement shall inure to the benefit of, and be binding upon Landlord, Greylock and their respective successors and assigns.

15. <u>Authorizations</u>. The parties executing this Agreement covenant and warrant that they are authorized to do so.

<u>Independent Legal Advice</u>.  Each party represents and warrants that it has read this Stipulation and understands and voluntarily accepts its terms, and that it has had the opportunity to obtain independent legal advice with respect to the meaning of this Stipulation.  No presumption shall be made in favor or against any party as a result of the preparation or drafting of this Stipulation. Each party forever waives all rights to assert that this Stipulation was the result of a mistake in law or in fact.IN WITNESS WHEREOF, the parties have executed this Stipulation as of the date set forth above.

GREYLOCK CAPITAL ASSOCIATES, LLC

By: _____
Name: David Steltzer
Title: Chief Financial Officer


285 MADISON OWNER LLC

By: _____
Name: Thomas L. Lavin
Title: Vice President

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| 285 MADISON OWNER LLC,<br>                Plaintiff,<br><br>- against -<br><br>GREYLOCK CAPITAL ASSOCIATES, LLC<br>                Defendants. | Index No.<br><br>**AFFIDAVIT OF CONFESSION**<br>**OF JUDGMENT** |

STATE OF NEW YORK   )
                               ) ss.:
COUNTY OF NEW YORK )

DAVID STELTZER, being duly sworn, deposes and says:

       1.      I am the Chief Financial Officer of Greylock Capital Associates, LLC, a Delaware limited liability company and am duly authorized to make this affidavit on behalf of the Defendant herein.

      2.      Defendant hereby confesses judgment herein and authorizes entry thereof against it in the sum of $662,924.89 ("Judgment Amount")

      3.      Defendant resides at 600 Summer Street, Suite 601, in the County of Fairfield, State of Connecticut. Defendant authorizes entry of judgment in New York County, in the State of New York, if said residence address is not in New York State.

      4.      This confession of judgment is for a debt justly due to the Plaintiff, 285 Madison Owner LLC, arising from the following facts:

      5.      Defendant is the Tenant under an Agreement of Lease with Plaintiff, as Landlord, dated as of May 19, 2014, as to premises located at 285 Madison Avenue, 24th Floor, New York, New York. The Judgment Amount represents the amount justly due and owing from Defendant to Plaintiff pursuant to the Agreement of Lease, and that certain Stipulation between Plaintiff and Defendant, dated as of March 16, 2021, pursuant to which

Defendant acknowledged indebtedness to Plaintiff in the Judgment Amount all of which remains due and unpaid.

   6.  This Confession of Judgment is to be held in escrow by Plaintiff's counsel, Charles E. Boulbol, P.C., for so long as Defendant is obligated to make payments required under the terms of the Stipulation. In the event Defendants defaults in the making of any payments due under the Stipulation and the default continues for a period of five (5) days after notice and opportunity to cure have been delivered to Defendant as provided in the Stipulation, then Charles E. Boulbol, P.C. shall have the right to release this Confession of Judgment from escrow and obtain a money judgment against Defendant in the amount of $662,924.89, interest and costs, less any payments made pursuant to the Stipulation.

 This confession of judgment is not for the purpose of securing against a contingent liability and is not an installment loan under CPLR 3201.

_____<br>
David Steltzer

## UNIFORM CERTIFICATE OF ACKNOWLEDGMENT

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF WESTCHESTER     )

On the 25TH day of March in the year 2021, the undersigned, personally appeared David Steltzer, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

JEFFREY CHUBAK
Notary Public, Sate of New York
No. 02CH6403994
Qualified in Westchester County
Commission Expires February 10, 2024